UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICKEY FORET                                              CIVIL ACTION

VERSUS                                                    NO. 09-4567

TRANSOCEAN OFFSHORE (USA), INC.                           SECTION "B" (3)

## ORDER

Before the Court are Plaintiff Rickey Foret's Motion for Protective Order [Doc. #16] and plaintiff's Motion to Compel Disclosures and Discovery [Doc. #20]. The Court took the motions under advisement after an oral hearing on June 16, 2010. After the oral hearing, the Court ordered defendant Transocean Offshore (USA), Inc. ("Transocean") to submit to the Court an Interim Incident Investigation Report ("the Report"), the Report's accompanying photographs and several videotapes for *in camera* review. After reviewing the Report, the photographs, the videos, the parties' memoranda and the applicable law, the Court rules as follow.

**I.     Background**

In June 2009, plaintiff was in the course and scope of his employment with Alexander Ryan Marine & Safety, Inc. ("Alexander Ryan"). Plaintiff was working aboard defendant Transocean's vessel, the drill ship DISCOVERER CLEAR LEADER. While inside a lifeboat that was being lowered to the water, one of defendant's employees allegedly released the lifeboat, which fell into

the Gulf of Mexico.

Plaintiff was injured due to defendant's alleged negligence. Plaintiff alleges severe injuries to his body and mind that will prevent him from performing the necessary duties of a deckhand for the rest of his life.

## II. The Parties' Contentions

### A. Plaintiff Rickey Foret's Motion for Protective Order

The parties scheduled plaintiff's deposition on May 25, 2010. Plaintiff then learned through discovery that defendant, in the normal course of business, requires accident investigations. Plaintiff has also learned that defendant, in the presence of an employee of Alexander Ryan, Bob Kahak, videotaped lifeboat operations. Plaintiff argues that after reviewing defendant's Safety Policies and Procedures Manual, he learned that defendant has a policy to investigate and to report all accidents. The manual requires that all accidents be investigated using the KELVIN TOP-SET method. After reviewing a report by Kahak, plaintiff learned that defendant created a videotape that shows the lifeboat and its release mechanism.

Plaintiff has asked for this discovery, but defendant refuses to produce the Report and any videotapes. Plaintiff argues that it is unfair and prejudicial to produce himself for a deposition before he sees this discovery. Plaintiff thus contends that there is good cause for a protective order.

### B. Defendant's Opposition

Defendant notes that because the lifeboat was enclosed, no one on board the drill ship could see the four occupants of the lifeboat when it failed. Plaintiff refused to give a statement to defendant and has not spoken to defendant since the date of the accident.

Defendant first argues that plaintiff's motion is untimely because he filed it one day before

2

the scheduled deposition, which had been moved to May 25, 2010 to accommodate plaintiff's schedule. Defendant argues that it is well-settled law that a motion for a protective order must be granted before a scheduled deposition to excuse compliance. Defendant argues that plaintiff's attempt to excuse compliance – that he only received the manual on May 19, 2010 – is baseless because the document had already been identified in defendant's production of documents on March 19, 2010.

Defendant argues that plaintiff has failed to demonstrate "good cause" for a protective order on the grounds of annoyance, embarrassment, oppression or undue burden or expense. Defendant notes that plaintiff simply argues that it is unfair. Defendant argues that a party must set forth specific and particular facts to obtain a protective order, not merely stereotyped and conclusory statements. Broad allegations of harm, unsubstantiated by specific examples, do not meet this burden.

Defendant contends that there is nothing unfair about taking plaintiff's deposition without the disclosure of materials prepared in anticipation of litigation. Plaintiff has never seen these materials, prepared after he left the vessel. Since plaintiff refused to provide any information to defendant after the accident, the materials contain no information provided by plaintiff.

### C. Plaintiff's Motion to Compel Disclosures and Discovery

Plaintiff notes that defendant has alleged that the accident was caused by the fault of plaintiff, his employer and/or the foreign manufacturer of the lifeboat but has produced no initial disclosures or documents to support the defenses.

In his requests, plaintiff sought any and all accident reports, root cause reports, accident investigation reports and relevant photographs. Defendant objected to producing an accident

investigation report and failed to acknowledge the existence of the videotape. Plaintiff argues that defendant has not fully complied with its initial disclosures because it has not provided plaintiff with a copy of, described or disclosed the videotape referenced by Kahak or the Report.

Plaintiff notes that defendant contends that the Report prepared by Chris Knight and Bill Sannan is protected by the work-product doctrine. Plaintiff argues that because the Transocean's Health and Safety Policies and Procedures Manual requires that all accidents be investigated, the report was prepared in the ordinary and regular scope of business. Thus, plaintiff contends, the work-product doctrine does not apply. Moreover, plaintiff argues that defendant disclosed the videotape to third-party Kahak so it is no longer privileged in any event.

### D. Defendant's Opposition

Defendant argues that the work-product doctrine protects both the Report and certain photographs and videotapes by an expert engineer who investigated the incident. Defendant alleges that Kahak was not allowed to observe the video, but the Court notes that this is incorrect. Kahak expressly states in his report that he reviewed the video but was not allowed to obtain a copy at the direction of defendant's attorneys. (Ex. D, attached to Pl.'s Mem. Supp. [Doc. #20-1]).

Defendant argues that Rule 26 only requires that it produce with its initial disclosures documents that it will use in support of its claims. Defendant has not yet identified what documents it will use and thus had no obligation to produce them under Rule 26.

Defendant contends that plaintiff has not shown substantial need for the discovery of the requested materials nor has he demonstrated that he can not obtain the substantial equivalent of the materials without undue hardship. Defendant notes that the Report can not be considered a root cause report because plaintiff himself declined to provide any information to defendant about the

accident. Defendant contends that the primary motivating force behind the creation of the report was to aid in possible future litigation. The Report was allegedly prepared at the direction of defendant's counsel. Because plaintiff refused to provide any information to defendant about the accident, defendant argues that this alone demonstrates that litigation was inevitable.

Defendant argues that plaintiff confuses the work-product doctrine and the attorney-client privilege. Defendant contends that allegedly showing the videotape to a third party does not waive the work-product doctrine. The Court notes that defendant is correct: "[T]he mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege." *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989).

### III. Law and Analysis

#### A. Protective Order

The Federal Rules state that before a protective order may issue, the movant must show good cause why justice requires an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). To make a showing of good cause, the movant has the burden of showing the injury "with specificity." *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000). In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). To establish good cause, a party seeking a protective order must set forth particular and specific demonstrations of fact, as distinguished from stereotyped and conclusory statements. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See Cipollone*, 785 F.2d at

1121. (citing *United States v. Garrett*, 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978)) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"); *Gen. Dynamics Corp. v. Selb Mfg. Corp.*, 481 F.2d 1204, 1212 (8th Cir. 1973); 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2035 (Supp. 1985). Moreover, the alleged harm must be significant, not a mere trifle. *See Cipollone*, 785 F.2d at 1121 (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir.1982)).

Plaintiff has not met this burden here as to a protective order to postpone or to prevent his deposition.[1] Plaintiff argues only that it is unfair for him to present to a deposition without having seen the discovery requested. Plaintiff argues no good cause and has utterly failed to mention annoyance, embarrassment, oppression, or undue burden or expense. Plaintiff's allegations are indeed broad, and plaintiff points to no specific harm. Plaintiff is not entitled to a protective order on this issue. However, and as outlined below, plaintiff has demonstrated good cause for a protective order to review the Report and the videos before his deposition.

### B. The Work-Product Doctrine

The work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. *Conoco v. Boh Bros. Constr. Co.*, 191 F.R.D. 107, 117-18 (W.D. La. 1998). This doctrine protects from discovery documents and other tangible things prepared by a party or representative of a party, including attorneys, consultants, agents, or investigators, in anticipation of litigation. *Id.* at 118; *see also Hickman v. Taylor*, 67 S. Ct. 385, 393-94 (1947). The work-product doctrine does not protect materials assembled in the ordinary course of business,

---

[1] Indeed, this Court already granted defendant's Motion to Compel Deposition of Plaintiff [Doc. #27] and ordered the deposition to occur no later than July 15, 2010.

pursuant to regulatory requirements, or for other non-litigation purposes. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.,* 967 F.2d 980, 984 (4th Cir. 1992); *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997) (citing *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir. 1982). The party who is seeking the protection of the work-product doctrine has the burden of proving that the documents were prepared in anticipation of litigation. *Boh Bros.*, 119 F.R.D. at 117; *In Re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. 274, 280 (S.D.N.Y., 1995).

The threshold determination that the court must make is whether the documents sought to be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business. *Upjohn Co. v. United States*, 101 S .Ct. 677 (1981); *Caremark, Inc. v. Affiliated Computer Sys., Inc .*, 195 F.R.D. 610, 614 (N.D. Ill. 2000). The Fifth Circuit has indicated that a document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir. 1981). To determine the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Elec. Data Sys. Corp. v. Steingraber*, 2003 WL 21653414, *5 (E.D. Tex. 2003) (citing *Piatkowski v. Abdon Callais Offshore, LLC*, 2000 WL 1145825, *2 (E.D. La. 2000). "The involvement of an attorney is not dispositive of the 'in anticipation of litigation' issue. Nevertheless, involvement of an attorney is a highly relevant factor . . . making materials more likely to have been prepared in anticipation of litigation." *Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D. Okla. 2000).

7

However, the fact that a defendant anticipates litigation resulting from an incident does not automatically insulate investigative reports from discovery as work-product. *Id.* "If the document would have been created regardless of whether litigation was expected to ensue, the document is deemed to have been created in the ordinary course of business and not in anticipation of litigation." *Elec. Data Sys.*, 2003 WL 21653414, *5 (citing Wright & Miller, Fed. Practice & Procedure § 2024). "The mere contingency that litigation may result is not determinative. If in connection with an accident or an event, a business entity in the ordinary course of business conducts an investigation for its own purposes, the resulting investigative report is produceable in civil pre-trial discovery." *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983) (quoting *Janicker by Janicker v. George Washington University*, 94 F.R.D. 648, 650 (D.D.C. 1982)). As one court has observed:

> Following any industrial accident, it can be expected that designated personnel will conduct investigations, not only out of a concern for future litigation, but also to prevent reoccurrences, to improve safety and efficiency in the facility, and to respond to regulatory obligations. Determining the driving force behind the preparation of each requested document is therefore required in resolving a work product immunity question.

*Nat'l Union*, 967 F.2d at 984; *see also Wikel*, 197 F.R.D. at 495.

While the Report is stamped "privileged" and "confidential" and "prepared in anticipation of litigation" and Transocean avers in its memoranda that it was prepared by counsel,[2] plaintiff notes that under Transocean's Health and Safety Policies and Procedures Manual provides that all accidents are to be investigated and reported. (Ex. E, attached to Pl.'s Mem. Supp. [Doc. #20-1]). Having considered the minimal evidence submitted by both parties, the Court finds that Transocean

---

[2] There is no direct evidence before the Court -- apart from counsel's unsupported statement in the memoranda -- that counsel directed that the Report be created.

8

has failed to establish that the primary motivating factor behind the investigation and the Report and its accompanying photographs was to aid in possible future litigation. While the alleged involvement of Transocean's counsel in the Report would generally support a finding that the events were documented with the general possibility of litigation in mind, there is nothing before the court to indicate whether all investigations of accidents were conducted under the direction of the Transocean's counsel or whether Transocean had a particularized reason to believe that litigation would result from this accident, thereby necessitating the involvement of its legal department. *See Miller v. Federal Express Corp.*, 186 F.R.D. 376, 387 (W.D. Tenn. 1999) ("Absent additional circumstances, the fact that in every instance defendant's corporate counsel instructs employees involved with the GFTP/EEO investigation that the investigation is being launched in the anticipation of litigation does not ensconce it as work product."); *Wikel*, 197 F.R.D. at 496 (focus shifted from routine investigation to anticipation of litigation when plaintiff told adjuster that he would get an attorney if the defendant did not pay his medical bills); *Heath*, 221 F.R.D. at 549-550 ("More than the mere possibility of litigation must be evident" for materials to be considered immune from discovery under the work-product doctrine.). Here, Transocean notes that plaintiff refused to speak to it after the accident, and thus, litigation was inevitable. The Court finds, however, that the simple refusal to speak to Transocean is not adequate to spark the inevitability of litigation, especially when Transocean and others began to investigate and report the accident the day after it occurred.

Even if these documents were prepared with an eye towards litigation, it is evident that the Report contains information that Transocean would be expected to compile in the ordinary course of its business after an accident has occurred in order to ascertain the cause of the accident, to

9

evaluate equipment failures, and to implement changes in an effort to prevent similar accidents in the future. *See Poseidon Oil Pipeline Co. v. Transocean Sedco Forex*, 2001 WL 1360434, *4 (E.D. La. 2001); *Occidental Chemical Corp. v. OHM Remediation Services Corp.*, 175 F.R.D. 431, 435 (W.D.N.Y. 1997).

With regard to the videos, there is absolutely no evidence in the record -- apart from counsel's bald assertion in Transocean's memoranda -- that they were prepared in anticipation of litigation. While Transocean notes that its attorneys would not allow Kahak to possess a copy of the video, they allowed him to review it. Moreover, there is no evidence in the record that the multiple videos that the Court reviewed *in camera* are those (or the one, as Kahak only mentions one) that Kahak viewed and of which Transocean's attorneys refused him a copy.

## IV. Conclusion

Fore the foregoing reasons, Plaintiff Rickey Foret's Motion for Protective Order [Doc. #16] is GRANTED IN PART and DENIED IN PART, in that plaintiff is entitled to review the Report, its accompanying photographs and the videos before his deposition. The Court also GRANTS plaintiff's Motion to Compel Disclosures and Discovery [Doc. #20], in that defendant shall produce to plaintiff the Report, its accompanying photographs and the videos at least one day prior to his deposition. The Court awards no costs associated with either motion.

New Orleans, Louisiana this __6th__ day of July, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**