```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

RICKEY FORET                              CIVIL ACTION NO. 09-4567

VERSUS                                    SECTION"B"(3)

TRANSOCEAN OFFSHORE (USA), INC.           JUDGE LEMELLE
                                          MAGISTRATE JUDGE KNOWLES


                           ORDER AND REASONS

   Plaintiff Foret's Motion for Summary Judgment (Rec. Doc. No. 65), opposed by Intervenor New Hampshire Insurance Company (Rec. Doc. No. 70), is **DENIED**.

   On June 16, 2009, Plaintiff Rickey Foret ("Foret") was injured while performing repair work on a lifeboat owned by Defendant Transocean. (Rec. Docs. No. 1, 40-1 at 1). At that time, Foret was employed by Alexander/Ryan Safety Systems ("Alexander/Ryan"), which Transocean contracted to repair defects to the lifeboats aboard Transocean's drill Ship, the "Discoverer Clear Leader." *Id*. In its Master Service Agreement, Transocean required Alexander/Ryan and its insurers to execute waivers of subrogation. (Rec. Doc. No. 65-1 at 2).

   After the accident, Alexander/Ryan, through its workers compensation carrier New Hampshire Insurance Company, paid various compensation and medical benefits to and on behalf of Foret. (Rec. Doc. No. 65-1 at 2). Alexander/Ryan has also undertaken the defense and indemnity of Foret's claims against Transocean. *Id*.

                                   1

On July 29, 2009, Foret filed suit against Transocean. (Rec. Doc. No. 1 at 1). Foret alleges the negligence of Transocean and members of its crew, and seeks to recover damages for lost income and severe pain and suffering. *Id.* At 3. On February 23, 2010, New Hampshire Insurance Company intervened in Foret's suit, asserting that it is entitled to reimbursement for indemnity and/or medical benefits made to or on behalf of Foret, out of any recovery by Foret in the underlying suit. (Rec. Doc. No. 12 at 2).

Foret contends that New Hampshire Insurance Company waived any right of subrogation it may have had against Transocean, and that therefore it has no right to intervene in Foret's recovery against Transocean. Foret argues further that because New Hampshire Insurance Company did not plead in its Petition for Intervention its statutory intervention of right under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §933, that intervention of right is not part of the case and not material to the Motion for Summary Judgment before the Court.

New Hampshire Insurance Company does not dispute its waiver of subrogation, but argues that subrogation is not its only interest in Foret's suit against Transocean, and that its statutory right to a set-off under the Longshore and Harbor Workers' Compensation Act remains (without necessity of pleading) to maintain its intervention.

Summary judgment is proper if the pleadings, depositions,

interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998).

Here, although New Hampshire Insurance Company does not dispute its waiver of subrogation, that waiver does not necessarily foreclose all possible avenues of recovery or off-set of its workers compensation payments to Foret. Indeed, Longshore and Harbor Workers' Compensation Act, at 33 U.S.C. § 933(f), provides to New Hampshire Insurance Company a right of credit with respect to any net amount received by Foret in his claim against Transocean. This right of credit is not abrogated by a waiver of subrogation. *Petro-Weld v. Luke*, 619 F.2d 418, 421 (5th Cir. 1980); *Petroleum Helicopters, Inc. V. Collier*, 784 F.2d 644, 645-46 (5th Cir. 1986).

In *Petroleum Helicopters*, the Fifth Circuit specifically held

3

that despite a waiver of subrogation, the employer/carrier still possessed an interest in the third-party litigation, including a statutory right of set-off. *Petroleum Helicopters, Inc.*, 784 F.2d at 646. The Fifth Circuit reasoned that the right of subrogation is not an employer/carrier's only interest, and that the employer/carrier also possessed the statutory right of 33 U.S.C. §933(f) to a set-off against compensation payments for any amount received by the employee from a third-party tortfeasor. *Id.* The Court declined to make any exception for cases where the employer/carrier had contractually waived its right to subrogation against the third-party tortfeasor. *Id*. at 645.

It is thus clear that New Hampshire Insurance Company may maintain an intervention action even in the face of a waiver of subrogation rights against Transocean.

As Foret points out, however, New Hampshire Insurance Company did not specifically plead the statutory right of off-set in its Petition for Intervention. Foret argues that failure to plead this basis for recovery is fatal to New Hampshire Insurance Company's intervention. However, under Rule 24(a) of the Federal Rules of Civil Procedure, New Hampshire Insurance Company may intervene of right under the federal Longshore and Harbor Workers' Compensation Act. In the case of an intervention of right, the Court must permit the interested party to intervene in the lawsuit. *Id*.

As the Court has concluded that New Hampshire Insurance

Company may have at least one other valid basis for its intervention--the statutory right under the Longshore and Harbor Workers' Compensation Act--summary judgment dismissing New Hampshire Insurance Company's intervention would not be appropriate at this time; however, the intervention should be amended to show it is one of right for the foregoing sustainable claim.

New Orleans, Louisiana, this 22nd day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE